Curia, per

Harper, J.,
My opinion will be expressed with reference to the fifth ground of appeal, “ because there was no writ of injunction sued out, and the. plaintiffs at law in the suits intended to have been enjoined, were not legally restrained from proceeding at law.”
The A. A. of 1784, under which the bond in question was given, provides, “ and whereas, the obliging a complainant, seeking relief from a judgment or verdict at law, to deposit the sum for which such judgment or verdict was obtained, before an injunction to stay execution, although his prayer is manifestly founded in Equity, hath been and would be attended with much inconvenience to suitors, and in many instances, may amount to a denial ofjustice.” “ Be it therefore enacted, that a party applying for an injunction to stay proceedings in an action at law, or judgment, or execution, or the levying -of execution, shall be entitled to such injunction, on malting oath or giving his affirmative (according to the form of his profession,) to the truth of his bill, and giving bond to the plaintiff at law, with security to be approved by the master in cjiancery, for such sum and with such condition as Hie Court shall direct.” &c.
Now, it is hardly necessary to say, that by the word injunction, is commonly meant the writ of injunction. “An injunction is a writ issuing by the order and under the seal of tlie Court of Equity.” Eden or Injunc. 1. “ An injunction is a remedial writ, in nature of a prohibition.” 2 Harr. Ch. 20. “ The writ of injunction is served by showing the original under seal, and delivered a true copy thereof, to the party himself.” Id. 267. The order of a chancellor for the granting of an injunction is not certainly of itself an injunction, nor does it restrain the party, unless the conditions upon which it was granted shall have been complied with, and the party notified that they have been complied with, by being served with the writ. The officer of the Court, however, is bound at his peril, to see that the conditions have been complied with, and a bond given conformable to law and the order of the Courtbefore issuing the writ. The Act ofthe commissioner in sealing and delivering the writ is certainly a mere ministerial act; and it does not in any degree alter the character of the act, that in order to its performance, he must incidentally exercise a discretion in determining for himself a question of law. There is hardly any ministerial act which mny not involve such an exercise of discretion. The sheriff must often decide at his own peril, questions of law involving the title to property, before talcing goods in execution. The talcing of bail is a ministerial act, yet the sheriff must *519 decide for himself, not only on the sufficiency of the security, but the proper form of the bond. If in this case, the writ had been actually issued, what would have been the breach of his official bond assigned in an action against the commissioner I It would have been that the defendant had issued the writ before a bond had been given conformable to law and the order of the commissioner. Under tire Act of 1825, the defendant was, for this purpose, vested with the power of a chancellor, and acted in that capacity in granting the order. And on that breach, tire action must have been sustained; for in contemplation of law, no bond at all was taken. And it is immaterial whether the giving a bond to the commissioner for the security of the plaintiff at law, be a sufficient compliance with the law directing the'bond tobe given to the plaintiff, or not. In either case, the commissioner would have issued the writ before the law was complied with. I may observe, however, that in my opinion, tire giving of a proper bond to the commissioner would have been a substantial compliance with the law. The obligor would certainly, so far as I can see, be bound by such a bond. It may be regarded as given to tire officer in trust for the plaintiff, and would afford him the same security as if given directly to himself. The universal practice, in which it would be dangerous and. inconvenient to innovate, has established this as a sufficient compliance with the law.
It is true, that in tire anonymous case, 3 Atk. 567, where a party had been served with a writ of injunction, not sealed, and nevertheless proceeded at law, and there was a motipn to attach him for contempt, the chancellor said “ as to the injunction’s not being sealed, that is no excuse for his proceeding at law, after the injunction was granted, because there have been instances here where a defendant, or his attorney only, have been present upon an order for an injunction, and they have proceeded at law before it has been sealed, that the Court has considered this as a contempt, and committed the persons for it.” On the same principle was the decision in Skipp vs. Harrwood, Id. 564, where a defendant was present in Court, when a decree was pronounced, appointing a receiver, and on the same morning, before the decretal order was formally passed, removed goods in order to elude the decree, the chancellor committed him for a contempt. So, I have no doubt but that with us, if upon the granting of an order for injunction, the plaintiff at law, with a view to elude the order, should at once | oroceed before time were allowed for giving the bond and sealing and serving the writ, he would be in contempt. But if the defendant should neglect to give any bond, after a reasonable time allowed for the purpose, or should give a bond manifestly informal and insufficient like the present, certain-, ly the plaintiff would be guilty of no contempt in proceeding. The party certainly cannot be entitled to the benefit of the order, who neglects or refuses to comply with the terms on which it was granted. In this case, I have no doubt but that the plaintiff might properly have proceeded, after he discovered what sort of bond the defendant had given. And here it may be observed, that the party must exercise the very same sort of discretion as that exercised by the commissioner, which has been supposed a judicial discretion. He must necessarily decide for himself, as he may be advised, whether the law had been complied with by the giving of a sufficient bond, and proceed at his own peril, if he shall be found to have decided amiss. But neither to him nor the commissioner, as such, has the law given any judicial authority, so as to decide directly on the character or validity of the instrument, and bind other individuals or tribunals by his determination.
The motion for new trial is granted.
We concur. J. S. Richardson, David Johnson, Jno. B. O’Neall, Jos. J. Evans,, J. Johnston, A. P. Butler, H. W. DeSaussure.